E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

April 27 2020 1:24 PM

KEVIN STOCK
COUNTY CLERK
NO: 20-2-05999-0

SUPERIOR COURT OF WASHINGTON IN AND FOR PIERCE COUNTY

| | |
|---|---|
| KELVIN CROCKFORD and AIMEE CROCKFORD, husband and wife and the marital community comprised thereof, individually and on behalf of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST AMERICAN PROPERTY & CASUALTY INSURANCE COMPANY; CRAWFORD & COMPANY; LAWRENCE MORGAN; and JOHN DOES I–III,<br><br>Defendants. | No.<br><br>COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND CLASS CLAIMS |

## I.   PARTIES

1. Plaintiffs Kelvin and Aimee Crockford own a home at 1021 S. 37th Street, Tacoma, Washington 98418.

2. Defendant First American Property & Casualty Insurance Company (First American) sold an insurance policy to the Crockfords, covering their home.

3. Defendant Lawrence Morgan is the independent adjuster retained by First American to adjust the Crockfords' claim. Mr. Morgan is an agent of Crawford & Company.

COMPLAINT FOR DAMAGES, INJUNCTIVE
RELIEF, AND CLASS CLAIMS - 1

PLAINTIFF LITIGATION GROUP PLLC
95 South Jackson Street, Suite 100
Seattle, Washington 98104
Tel. 206-203-9100 Fax 206-785-1702



4. Defendant Crawford & Company (Crawford) is an adjusting company doing business in Pierce County, Washington.

## II. JURISDICTION AND VENUE

5. The Court has subject-matter jurisdiction under RCW 2.08.010.

6. The Court has personal jurisdiction over defendants.

7. Venue is proper in this Court under RCW 4.12.025, which provides: "(1) An action may be brought in any county in which the defendant resides, or, if there be more than one defendant, where some one of the defendants resides at the time of the commencement of the action. For the purpose of this section, the residence of a corporation defendant shall be deemed to be in any county where the corporation: (a) Transacts business; (b) has an office for the transaction of business; (c) transacted business at the time the cause of action arose; or (d) where any person resides upon whom process may be served upon the corporation."

## III. FACTS

8. First American issued the Crockfords a homeowners insurance policy. The Crockfords paid a valuable premium for the coverages and protections contained in the policy.

9. The Crockfords are insureds and first-party claimants under the policy.

10. A fire broke out in the Crockfords' rental home on April 29, 2019. The fire caused extraordinary damage and, among other things, led to the ceiling collapsing. The home was left uninhabitable as a direct result of the fire.

11. The policy that First American issued covers all losses incurred by the Crockfords because of the fire.

12. The Crockfords promptly contacted First American and filed a claim for the loss. First American adjuster Cara Berkley contacted the Crockfords and informed the Crockfords

COMPLAINT FOR DAMAGES, INJUNCTIVE
RELIEF, AND CLASS CLAIMS - 2

PLAINTIFF LITIGATION GROUP PLLC
95 South Jackson Street, Suite 100
Seattle, Washington 98104
Tel. 206-203-9100 Fax 206-785-1702

what coverage applied and what the limits were. However, the Crockfords have received little to no contact from First American or Berkley in the year that passed since.

13. First American refused to pay amounts needed to repair and restore the Crockfords' property. For example, the Crockfords several detailed bids from contractors for the repair of their home. However, First American refused to pay anything more than the low-ball estimate of the Crawford adjusters. No payment of any sort was made until approximately October of 2019 and then, payment was for an amount for less than necessary to repair the home.

14. For more than 11 months since the loss, the Crockfords have been waiting for First American to pay for the bid of their chosen contractor and assist them in getting their home back.

15. Rather than perform any of these mandatory claims handling functions, First American has attempted to force the Crockfords into accepting the low-ball settlement offer based on Crawford's estimate.

16. Lawrence Morgan is not a licensed contractor in the state of Washington.

17. Nothing in the Crockfords' replacement cost policy obligates them to accept an estimate as opposed to a bid from a licensed contractor.

18. First American knows that their insureds under replacement cost policies are entitled to be paid based on bids, not computer estimates generated by people who are not licensed contractors. Nevertheless, over a long period of time, spanning at least 10 years, First American has misrepresented that entitlement to insureds. By way of example and not by way of limitation, First American has done the following:

COMPLAINT FOR DAMAGES, INJUNCTIVE
RELIEF, AND CLASS CLAIMS - 3

PLAINTIFF LITIGATION GROUP PLLC
95 South Jackson Street, Suite 100
Seattle, Washington 98104
Tel. 206-203-9100 Fax 206-785-1702

a) Appointed as in-house fire adjusters those who have insufficient training or support to perform the job.

b) Overburdened adjusters with heavy workloads which prevent them from performing full or fair investigations.

c) Appointed "independent" adjusters who have no training or experience in the construction arts.

d) Required the "independent" adjuster to use computer software which, when combined with the adjuster's lack of building experience, virtually guarantees a low-ball result.

e) Refused to provide training to their in-house adjusters sufficient to evaluate the deficiencies in the computer-generated estimates.

f) Refused to properly explain to the insureds their rights and benefits under the replacement cost policies.

g) Affirmatively misrepresented insureds' rights and benefits under the replacement cost policies.

h) Conveyed to insureds that their only entitlements are measured by the computerized estimates rather than the bids of their chosen contractors.

19.     Not only has First American refused to provide benefits owed to the Crockfords pursuant to their insurance policy, but it has refused to explain what the Crockfords' rights and benefits are, including the right to prompt action by the insurer in response to communications as well as an explanation for coverage decision.

20.     First American's conduct has been marked by a refusal to timely communicate.

COMPLAINT FOR DAMAGES, INJUNCTIVE
RELIEF, AND CLASS CLAIMS - 4

PLAINTIFF LITIGATION GROUP PLLC
95 South Jackson Street, Suite 100
Seattle, Washington 98104
Tel. 206-203-9100 Fax 206-785-1702

21. First American's failure to live up to its duties has caused the Crockfords aggravation, lost time, emotional distress, including having to deal with robberies in addition to the house fire.

22. The Crockfords' home is damaged and is uninhabitable, yet they must continue to pay their mortgage payments and other expenses.

23. The First American policy is a replacement-cost policy. It covers the dwelling on the "Residence Premises." Upon information and belief, this policy form is identical to the form used for many First American policyholders in Washington.

24. Under the policy, "replacement cost" means: "In the case of loss or damage to buildings, the cost, at the time of loss, to repair or replace the damaged property with new materials of like kind and quality, without deduction for depreciation."

25. Under Washington law, First American has a duty to investigate first-party homeowners claims.

26. Plaintiffs' counsel recently took the deposition of the Vice President of Claims for First American at the time the claim commenced: Cindy Van Sickle. Van Sickle testified that the use of the word, "cost," in the definition of "replacement cost" means the actual cost charged to insureds for repairs.

27. Only licensed contractors can bid jobs in the State of Washington. Therefore, it is important for the insured to have a bid from a licensed contractor. The choice of contractor rests under the policy solely with the insureds.

28. First American requires independent adjusters hired on homeowners claims to use Xactimate. But there is nothing in the policy that requires the insureds' contractor to agree with First American on the cost of repairs. Therefore, if an independent adjuster creates an

COMPLAINT FOR DAMAGES, INJUNCTIVE
RELIEF, AND CLASS CLAIMS - 5

PLAINTIFF LITIGATION GROUP PLLC
95 South Jackson Street, Suite 100
Seattle, Washington 98104
Tel. 206-203-9100 Fax 206-785-1702

estimate that is substantially lower than the insured's contractor's bid, the adjuster is supposed to get an independent contractor to inspect the home.

29. There is no evidence that either First American or Crawford & Company obtained a contractor's opinion relating to the cost of repairs.

30. The Crockfords were forced to hire attorneys and investigate the loss themselves because First American improperly transferred the burden of investigation to them.

31. Insurance companies are prohibited by industry standards and Washington Administrative Code Regulations from:

- Misrepresenting facts and policy provisions.
- Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.
- Failing to adopt and implement reasonable standards for the prompt investigation of claims.
- Failing to advise insured of what is necessary to complete the claim.
- Failing to assist the insured.
- Refusing to pay claims without a reasonable investigation.
- Compelling first party claimants to initiate litigation by offering substantially less than the amounts due under policies.
- Failing to promptly settle claims where liability has become reasonably clear.
- Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of the claim.

COMPLAINT FOR DAMAGES, INJUNCTIVE
RELIEF, AND CLASS CLAIMS - 6

PLAINTIFF LITIGATION GROUP PLLC
95 South Jackson Street, Suite 100
Seattle, Washington 98104
Tel. 206-203-9100 Fax 206-785-1702

- Failing to disclose all rights and benefits under an insurance policy to the insured.
- Attempting to transfer the cost of investigation to the insured.
- Failing to complete a full and fair investigation within 30 days.

32. Defendants violated all the above standards and Washington Administrative Code Regulations.

33. Defendants have failed to pay the contractor's bid, which constitutes a proof of loss, thereby violating WAC 284-30-380.

34. Defendants have constructively denied coverage for the Crockfords' claim.

35. Because of Defendants' conduct, the Crockfords have been damaged in several ways including, without limitation, the following:

- Loss of use and enjoyment of the rental property;
- Incurring investigative expenses that should have been borne by First American;
- Having to hire counsel;
- Being denied payment under their policy for all rights and benefits;
- Exposure to increased inconvenience;
- Economic impairment;
- Thefts of personal property;
- Spending substantial time dealing with the insurance claim;
- Increased/excessive interest expense; and
- Emotional distress, aggravation, and anxiety.

36. The Crockfords have satisfied all conditions precedent to bringing this lawsuit.

COMPLAINT FOR DAMAGES, INJUNCTIVE
RELIEF, AND CLASS CLAIMS - 7

PLAINTIFF LITIGATION GROUP PLLC
95 South Jackson Street, Suite 100
Seattle, Washington 98104
Tel. 206-203-9100 Fax 206-785-1702

## IV. ADDITIONAL FACTS RELATING TO CLASS CLAIMS

37. Between 2009 and at least August of 2019, First American created an enterprise with Crawford & Company to perform "independent" adjusting services for First American with the purpose of defrauding First American insureds.

38. Crawford was required to—and agreed to—create estimates of loss using the computerized estimating system Xactimate.

39. The purpose of using Xactimate and Crawford was to underpay claims of those First American insureds who had replacement cost coverage with First American.

40. First American knew that the replacement cost coverage in its homeowner's policies required it to pay the total replacement cost charged by the insureds' chosen contractors. First American knew that in all cases where it did not exercise its option to repair, the "cost" of the repairs was measured by the charges of the insureds' contractors, not by the estimates generated by Crawford's adjusters. Nevertheless, First American engaged in a pattern and practice of sending its insureds letters that falsely asserted:

   A. That the Xactimate estimates were an accurate measurement of the insureds' entitlements.

   B. That the insureds were entitled to no further benefits than the "recoverable depreciation" as calculated by Xactimate. The "recoverable depreciation" was itself an incorrect number purportedly representing the difference between "Replacement Cost" and "Actual Cash Value."

   C. That the "Replacement Cost" determined by Xactimate was correct.

   D. That the "Actual Cash Value" determined by Xactimate was correct.

COMPLAINT FOR DAMAGES, INJUNCTIVE
RELIEF, AND CLASS CLAIMS - 8

PLAINTIFF LITIGATION GROUP PLLC
95 South Jackson Street, Suite 100
Seattle, Washington 98104
Tel. 206-203-9100 Fax 206-785-1702

41. First American intended to, and did, represent that the Xactimate calculation of "Replacement Cost," "Actual Cash Value," and "Recoverable Depreciation" accurately reflected the insured's entitlements under their homeowners' policies. Contrary to the representations, such calculations were used to substantially underpay the insured's claims.

42. The actions of defendants and their co-conspirators constitute to a pattern of racketeering activity designed to convince plaintiff that it owed a debt to pay for the repairs that were owed by the insurers. The asserted debt was unlawful. Defendants created an enterprise with their co-conspirators for the purpose of carrying out their fraud against plaintiff and to benefit the insurers, all in violation of RCW 18.86. The actions of the defendants contributed to a scheme and artifice to defraud, false and fraudulent representations, and related acts, including conspiracy among the defendants and conspiracy with John Does I-III to unlawfully transfer the risk of payment from the insurers to plaintiff.

43. Said actions and conspiracies violate:

- 18 U.S.C. § 1341 – Mail Fraud;
- 18 U.S.C. § 1343 - Wire Fraud; and
- 18 U.S.C. § 1346 – Honest Services Fraud,

all of which constitute unfair acts and practices under RCW 19.86. Such violations constitute evidence of negligence or other wrongful conduct under RCW 5.40.050.

## V. CLASS ALLEGATIONS

44. **Definition of Class.** The class consists of all individuals who made homeowners claims with First American from May 1, 2014, to the present for damage to a covered dwelling located in the State of Washington, in which First American issued payment for "actual cash value" or "replacement cost value" based on an adjuster-created Xactimate estimate. Plaintiffs

COMPLAINT FOR DAMAGES, INJUNCTIVE
RELIEF, AND CLASS CLAIMS - 9

PLAINTIFF LITIGATION GROUP PLLC
95 South Jackson Street, Suite 100
Seattle, Washington 98104
Tel. 206-203-9100 Fax 206-785-1702

reserve the right to seek amendment of the class definition period depending on what discovery shows regarding concealment from class members.

45. **Size of Class.** The class is expected to number in the hundreds or thousands and is so large that joinder of all members is impracticable.

46. **Adequacy of Class Representative.** The class representatives are Kelvin and Aimee Crockford. The Crockfords' dwelling, located in Tacoma, Washington, was covered under a First American homeowners policy. First American determined actual cash value and replacement cost based on an independent adjuster's Xactimate estimate, notwithstanding the fact that the Crockfords' contractor determined the cost to repair to be significantly higher.

47. **Typicality.** The Crockfords' claim is typical of the claims of the other members of the class. They will fairly and adequately represent the interests of the class.

48. **Common Questions of Law and Fact.** There are questions of law or fact common to the class. With respect to all class members, the Court will determine, without limitation[1]: (1) whether First American policies require First American to pay the actual cost for repairs to dwellings (yes); (2) whether First American has a duty to fully and fairly investigate homeowners claims in Washington (yes); (3) whether the form letter that First American sends its insureds regarding replacement-cost benefits misrepresents facts and policy provisions (yes); (4) whether defendants have a pattern and practice of underpaying claims for damage to dwellings by relying on adjuster-created Xactimate estimates when the policy covers the actual cost incurred by insureds (yes); (5) whether the Court should enjoin defendants from the subject

---

[1] This list is not exhaustive. The full list of common questions will be presented at the time of the motion for class certification.

COMPLAINT FOR DAMAGES, INJUNCTIVE
RELIEF, AND CLASS CLAIMS - 10

PLAINTIFF LITIGATION GROUP PLLC
95 South Jackson Street, Suite 100
Seattle, Washington 98104
Tel. 206-203-9100 Fax 206-785-1702

unlawful practices (yes); and (6) whether defendants have been unjustly enriched, such that its ill-gotten gains should be disgorged (yes).

49. **Separate Suits Would Create Risk of Varying Conduct Requirements.** The prosecution of separate actions by class members against defendants could create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct. Certification is therefore proper under CR 23(b)(1).

50. **Defendant Has Acted on Grounds Generally Applicable to the Class.** Discovery in this case has revealed a practice within First American to mispresent replacement cost benefits to which insureds were entitled. Despite the fact that First American knows its obligation was to pay the bid of the insured's chosen contractor, it was a longstanding practice within the company for claims personnel to send letters to insureds telling them that their benefit was measured by independent adjuster estimates. Certification is therefore proper under CR 23(b)(2).

51. **Questions of Law and Fact Common to the Class Predominate Over Individual Issues.** The claims of the individual class members are more efficiently adjudicated on a class-wide basis. Any interest that individual members of the class may have in individually controlling the prosecution of separate actions is outweighed by the efficiency of the class action mechanism. Upon information and belief, there has been no class action suit filed against First American and Crawford for the relief requested in this action. Issues as to First American's conduct in applying standard policies and practices towards all members of the class predominate over questions, if any, unique to members of the class. Certification is therefore additionally proper under CR 23(b)(3).

52. **Class Counsel.** Plaintiffs have retained experienced and competent class counsel.

COMPLAINT FOR DAMAGES, INJUNCTIVE
RELIEF, AND CLASS CLAIMS - 11

PLAINTIFF LITIGATION GROUP PLLC
95 South Jackson Street, Suite 100
Seattle, Washington 98104
Tel. 206-203-9100 Fax 206-785-1702

## VI. CLAIMS

53. The Crockfords allege the following claims against First American individually and on behalf of the proposed class:

    A.    Breach of contract;

    B.    Insurance bad faith;

    C.    Negligent claims handling;

    D.    Violation of the Consumer Protection Act (CPA)[2];

    E.    Unjust enrichment; and

    F.    Negligent and intentional infliction of emotional distress.

54. The Crockfords seek declaratory judgment against First American individually and on behalf of the proposed class. This case involves a justiciable controversy. First American has refused to acknowledge coverage for the loss and has denied coverage and payment of benefits. The Crockfords seek a judgment from this Court that First American is in violation of the provisions of the unfair claims practices regulations. The Crockfords seek a judgment from this Court declaring that coverage exists under the policy. The Crockfords seek a determination that First American is liable for their reasonable attorney fees and costs under *Olympic Steamship Co. v. Centennial Insurance Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), *McGreevy v. Oregon Mutual Insurance Co.*, 128 Wn.2d 26, 904 P.2d 731 (1995), and RCW 19.86.090.

55. Individually and on behalf of the proposed class, the Crockfords assert a claim for injunctive relief against First American under the CPA. The Court should require that First American enact procedures to fully investigate losses such as the Crockfords' with all the necessary expertise and by which the insurance company will live up to its legal obligations to

---

[2] RCW 19.86.090.

COMPLAINT FOR DAMAGES, INJUNCTIVE
RELIEF, AND CLASS CLAIMS - 12

PLAINTIFF LITIGATION GROUP PLLC
95 South Jackson Street, Suite 100
Seattle, Washington 98104
Tel. 206-203-9100 Fax 206-785-1702

its insureds. The Court should enjoin First American from further acts that violate the Washington Administrative Code, the insurance code, or the Consumer Protection Act. The Court should require that First American enact procedures by which the insurance company lives up to its legal obligations to its insureds.

56. The Crockfords, individually and on behalf of the class, allege the following claims against Crawford:

    A.    Insurance bad faith (common law);

    B.    Negligent claims handling;

    C.    Negligent misrepresentation;

    D.    Violation of the Consumer Protection Act (non per se);

    E.    Unjust enrichment;

    F.    Negligent and intentional infliction of emotional distress; and

    G.    Injunctive relief.

57. The Crockfords, individually allege the following claims against Morgan:

    A.    Insurance bad faith (common law);

    B.    Negligent claims handling;

    C.    Negligent misrepresentation;

    D.    Violation of the Consumer Protection Act (non per se); and

    E.    Negligent and intentional infliction of emotional distress.

58. Plaintiffs reserve the right to amend this complaint to assert a claim under the Insurance Fair Conduct Act, RCW 48.30.015.

COMPLAINT FOR DAMAGES, INJUNCTIVE
RELIEF, AND CLASS CLAIMS - 13

PLAINTIFF LITIGATION GROUP PLLC
95 South Jackson Street, Suite 100
Seattle, Washington 98104
Tel. 206-203-9100 Fax 206-785-1702

## VII.   PRAYER FOR RELIEF

WHEREFORE, the Crockfords request that this Court:

A.   Enter a declaratory judgment as stated;

B.   Enter a money judgment against defendants in the amount we will prove, including for disgorgement of profits;

C.   Enter an injunction as stated;

D.   Award enhanced damages pursuant to RCW 19.86.090;

E.   Award costs, disbursements, and attorney fees to the maximum extent authorized by law, including *Olympic Steamship Co. v. Centennial Insurance Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), RCW 19.86.090, RCW 19.86.090, and for defendants' bad faith;

F.   Otherwise award the plaintiffs' attorney fees and costs; and

G.   Award such other relief as is just and proper.

RESPECTFULLY SUBMITTED this 27th day of April, 2020.

PLAINTIFF LITIGATION GROUP PLLC

By s/ *William C. Smart*
William C. Smart, WSBA #8192
Isaac Ruiz, WSBA #35237
McKean J. Evans, WSBA #52750

Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND CLASS CLAIMS - 14

PLAINTIFF LITIGATION GROUP PLLC
95 South Jackson Street, Suite 100
Seattle, Washington 98104
Tel. 206-203-9100  Fax 206-785-1702